### TEPFER v. EAST SIDE METAL SPINNING CO.

(Supreme Court, Appellate Term.   May 15, 1908.)

APPEAL—REVIEW—PRESUMPTIONS—EVIDENCE—RESERVATION OF QUESTION OF ADMISSION.

> When a decision is reserved upon the question of admitting evidence, that fact should be announced, in order that both sides may introduce proof which may be necessary in anticipation of an ultimate ruling on its admission; and, where the trial court excluded evidence which was necessary to plaintiff's right of recovery, it may not be assumed, to sustain a judgment for plaintiff, that the trial court reserved its decision on the admission of the evidence, and afterward decided to admit it, in the absence of anything to show that fact.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel Tepfer against the East Side Metal Spinning Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Meyer B. Cushner (Henry Siegrist, Jr., of counsel), for appellant.
David W. Rockmore, for respondent.

GIEGERICH, J.   The agreement (Plaintiff's Exhibit 2 for Identification) on which the action is based was not admitted in evidence. The plaintiff seeks to support the judgment rendered in his favor by arguing that the trial justice reserved decision on the point of admitting the exhibit, and that his subsequent decision in favor of the plaintiff necessarily meant that he had changed his ruling and admitted it. There is nothing on the record to show that such was the situation. On the contrary, the exclusion appears to have been absolute and unconditional. That the plaintiff's attorney so regarded it is evident from what he said upon the trial when he rested his case, and from the fact that in his brief on this appeal he excuses or accounts for his failure to put in certain further proof necessary to his case by saying that, as the agreement was not admitted, evidence of certain acts of performance thereunder on the part of the plaintiff were not admitted. When decision is reserved upon the question of admitting particular evidence, it is manifest that a distinct announcement to that effect should be made, in order that both sides may introduce whatever proof is necessary in anticipation of an ultimate ruling ei-

ther way upon the question left undetermined. Otherwise, the case is not fully tried, and the facts are not before the court, either on the trial or on appeal.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

GREENBAUM, J. (concurring). It is difficult to reconcile a rendition of judgment in plaintiff's behalf with the exclusion in evidence of the agreement which lies at the foundation of this action. It affirmatively appears from the papers submitted upon this appeal that an unsuccessful effort was made upon the settlement of the case on appeal to have it show that the agreement in question had been admitted in evidence.

The judgment must be reversed.